JOHN WEATHERSBY V. THE STATE.

No. 18494.   Delivered October 28, 1936.

The opinion states the case.

*F. A. Dale,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of an assault with intent to commit murder, and his punishment was assessed at confinement in the state penitentiary for a term of three years.

The testimony offered by the State shows that on the night of November 18, 1934, appellant armed with a double barrel shotgun went near the home of Roy Shaw, where Tobe Johnson was visiting at the time. He secreted himself behind Tobe's car and when Tobe came out of the house appellant called to him and asked him, "Is that you Tobe?", and when Tobe replied, "Yes," appellant shot him twice. Appellant's version of the affair is that Tobe had been entirely too intimate with his, appellant's wife; that on several occasions he had requested Tobe to let her alone or there would be trouble; that on the night of November 18, when he was near his home he saw Tobe coming out of his, appellant's home; that thereupon he immediately went to his mother's home, procured his gun, went to Roy Shaw's home and waited for Tobe to come out; that when Tobe came out he asked him, "Is that you Tobe?"; that as soon as he had spoken, Tobe immediately went to his pocket and as he did so appellant said, "I beat you to it," and shot him.

The court instructed the jury on every phase of the case and no objection appears to have been made to the charge.

Bills of exception numbers one and two are insufficient to show any error because the bills fail to show what answer the witness would have made to the questions propounded.

Bill of exception number three reflects the following occurrence. After the jury had returned the following verdict: "We the jury find defendant guilty of an assault with intent to murder and assess his punishment to confinement in the penitentiary for a term of three years." Appellant objected to the verdict without assigning any reason or stating any grounds for his objection which renders the bill insufficient. However, we see no reason that appellant might have had for objecting to the verdict as it appears to be entirely regular.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.